UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEFFREY RADTKE, *Individually and on Behalf of All Others Similarly Situated*,

          Plaintiff,

-v-

REGENERON PHARMACEUTICALS, INC., LEONARD S. SCHLEIFER, CHRISTOPHER FENIMORE, and ROBERT E. LANDRY,

          Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/10/2025

No. 1:25-cv-145 (MKV)

ORDER APPOINTING
LEAD PLAINTIFF
AND LEAD COUNSEL

MARY KAY VYSKOCIL, District Judge:

      Jeffrey Radtke brings a putative class action for violations of the federal securities laws against Defendants Regeneron Pharmaceuticals Inc. and three executives, Leonard S. Schleifer, Christopher Fenimore, and Robert E. Landry (the "Action"). Pending before the Court in the Action are: the motion of City Pension Fund for Firefighters and Police Officers in the City of Tampa (the "Pension Fund") for appointment as Lead Plaintiff and approval of the Pension Fund's selection of Labaton Keller Sucharow LLP and Motley Rice LLC as Lead Counsel [ECF Nos. 18, 20, 22, 32]; and the competing motion of Nora Bakshandeh ("Bakshandeh") for appointment as Lead Plaintiff and approval of her selection of Hagens Berman Sobol Shapiro, LLP as Lead Council [ECF No. 15, 16, 19]. Bakshandeh does not oppose the motion of the Pension Fund but does not withdraw her own motion [ECF No. 30].

      For the reasons set forth below, the unopposed motion of the Pension Fund for appointment as Lead Plaintiff and approval of its selection of Lead Counsel in the Action is GRANTED. The competing motion of Nora Bakshandeh is DENIED.

1

I.  BACKGROUND

In January 2025, Plaintiff Jeffrey Radtke filed a class action complaint against Regeneron Pharmaceuticals Inc. and three executives [ECF No. 1 ("Complaint" or "Cmpl.")].  The Complaint asserts claims for violations of the federal securities laws "on behalf of all investors who purchased or otherwise acquired Regeneron common stock between November 2, 2023 and October 30, 2024, inclusive (the 'Class Period')."  Cmpl. ¶ 1.  "Regeneron is a biotechnology company that designs products for eye diseases, allergic and inflammatory diseases, cancer, cardiovascular and metabolic diseases, among others."  *Id*. ¶ 2.

The Complaint alleges that Regeneron is "substantially dependent" on sales of one of its "primary products," Eylea.  *Id*.  According to the Complaint, the Average Sales Price ("ASP") of Eylea, a figure reported by Regeneron, determines the availability and extent of reimbursements from third party payors such as Medicare and Medicaid.  *Id*. ¶¶ 2–3.  The Complaint asserts that the U.S. Department of Justice filed a complaint on April 10, 2024, under the False Claims Act, alleging that Regeneron had "failed to report millions of dollars in discounts provided to drug distributors in the form of reimbursed credit card fees," thereby inappropriately inflating the ASP and, in turn, Medicare reimbursements.  *Id*. ¶ 4.  The Complaint alleges that "this news" caused an immediate decline in Regeneron's stock price and "weaker-than-expected quarterly sales" of Eylea, which further diminished the stock price during the Class Period.  *Id*. ¶¶ 5–7.  The Complaint alleges that the defendants in the Action misled investors about the company's ability to maintain revenue from Eylea, and investors suffered significant losses from the decline in the market value of Regeneron stock.  *See id*. ¶¶ 4–9, 22–73.

The Pension Fund filed a motion for appointment as Lead Plaintiff and approval of the Pension Fund's selection of Labaton Keller Sucharow LLP and Motley Rice LLC as Lead Counsel

[ECF Nos. 18, 20 ("Pension Fund Mem."), 22, 32 ("Pension Fund Reply")]. The Pension Fund argues that it has the largest financial interest in the Action and easily satisfies the requirements of Rule 23. *See* Pension Fund Mem. at 1–2, 5–11. Nora Bakshandeh ("Bakshandeh") simultaneously filed a competing motion for appointment as Lead Plaintiff and approval of Bakshandeh's selection of Hagens Berman Sobol Shapiro, LLP as Lead Counsel [ECF Nos. 18, 20, 22, 32]. Bakshandeh thereafter filed a Notice of Non-Opposition to the motion of the Pension Fund, conceding that the Pension Fund has a larger financial interest in the Action than Bakshandeh [ECF No. 30 ("Bakshandeh Non-Opposition") at 1]. Bakshandeh did not, however, withdraw her own motion.

## II.   DISCUSSION

### A. As Bakshandeh Concedes, the Pension Fund Is the Most Adequate Plaintiff.

The Court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). In making its determination, the Court is guided by a statutory rebuttable presumption that the most adequate plaintiff is the plaintiff that (1) has either filed the complaint or made a motion for appointment as lead plaintiff, (2) has the largest financial interest in the relief sought by the class, and (3) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). The presumption ordinarily may be rebutted only if the Court finds evidence that the presumptively most adequate plaintiff "will not fairly and adequately protect the interests of the class" or is subject to "unique defenses" that render it incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

The Court concludes that the Pension Fund is the most adequate plaintiff based on the statutory criteria and the parties' submissions. *See* 15 U.S.C. § 78u-4(a)(3)(B)(i). First, the

Pension Fund timely filed a motion to serve as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(A)(i).  Second, as Bakshandeh concedes, the alleged loss suffered by the Pension Fund, and therefore its financial interest in the Action, is the largest among all interested class representatives.  *See* Bakshandeh Non-Opposition at 1.  Specifically, the Pension Fund allegedly suffered losses of approximately $4.15 million on its transactions in Regeneron securities, on a last-in-first-out basis, during the Class Period, while Bakshandeh allegedly suffered losses of approximately $34,805.  *See* Pension Fund Mem. at 6; Bakshandeh Non-Opposition at 1; *see also Woburn Ret. Sys. v. Salix Pharms. Ltd.*, No. 14-cv-8925 (KMW), 2015 WL 1311073, at *4 (S.D.N.Y. Mar. 23, 2015) ("The most important factor is financial loss.").

Third, as Bakshandeh likewise concedes, the Pension Fund otherwise satisfies the requirements of Rule 23.  *See* Fed. R. Civ. P. 23.  At this stage, the Pension Fund must make only a preliminary showing that its claims are typical and adequate.  *See Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 397 (S.D.N.Y. 2008); *In re eSpeed, Inc. Sec. Litig.*, 232 F.R.D. 95, 102 (S.D.N.Y. 2005).  The Pension Fund makes a preliminary showing that its claims are typical because they arise from the same alleged course of events from which the other putative class members' claims and alleged injuries arise.  *See Varghese*, 589 F. Supp. 2d at 397.  Specifically, the Pension Fund submits that it purchased or otherwise acquired Regeneron securities during the Class Period in reliance on Defendants' allegedly false and misleading statements and suffered losses as a result.  *See* Pension Fund Mem. at 7.

The Pension Fund also makes a preliminary showing that it "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *see Constance Sczesny Tr. v. KPMG LLP*, 223 F.R.D. 319, 324 (S.D.N.Y. 2004).  The Pension Fund stresses its significant financial interest and highly experienced counsel.  *See* Pension Fund Mem. at 8.  Finally, there is no

4

evidence of potential conflict of interest between the Pension Fund and other class members or that the Pension Fund is "subject to unique defenses that render [them] incapable of representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *see Constance Sczesny Tr.*, 223 F.R.D. at 324; Pension Fund Mem. at 8.  Accordingly, the Court concludes that the Pension Fund is the most adequate plaintiff and appoints the Pension Fund as Lead Plaintiff.

The Court also approves the Pension Fund's selection of Labaton Keller Sucharow LLP and Motley Rice LLC as Lead Counsel.  By statute, a plaintiff appointed as the Lead Plaintiff may choose counsel to represent the class, subject to court approval. 15 U.S.C. § 78u-4(a)(3)(B)(v).  As demonstrated in the Pension Fund's submissions, Labaton and Motley Rice are established firms with prior success in securities litigation, including as co-lead counsel [ECF No. 22-5, 22-6]. S*ee* Pension Fund Mem. at 11.  Labaton has successfully served as lead counsel in other securities class actions in this District.  *See id.* at 10; *In re American International Group, Inc. Securities Litigation*, No. 04-cv-8141 (S.D.N.Y.).  Accordingly, the Court appoints Labaton and Motley Rice as Lead Counsel.

### III.  CONCLUSION

For the reasons set forth above, the motion of the Pension Fund for appointment as Lead Plaintiff and approval of Labaton Keller Sucharow LLP and Motley Rice LLC as Lead Counsel is GRANTED.  The motion of Bakshandeh for appointment as Lead Plaintiff and approval of Hagens Berman Sobol Shapiro, LLP as Lead Counsel is DENIED.

IT IS HEREBY ORDERED that, within 14 days of this Order, Defendants and Lead Plaintiff shall confer and jointly submit a proposed schedule for the filing of any amended complaint and responsive pleading, including a briefing schedule with respect to any anticipated

motions to dismiss.

The Clerk of Court respectfully is requested to terminate the motions at docket entries 15 and 18 in case number 25-cv-145.

**SO ORDERED.**

Date:  July 10, 2025
       New York, NY

_____
**MARY KAY VYSKOCIL**
**United States District Judge**