# Exhibit 13

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| UNITED STATES OF AMERICA, *et al.*, *ex rel.* JULIANNE NUNNELLY and MATTHEW SHANKS<br><br>      Plaintiffs,<br><br>v.<br><br>REGENERON PHARMACEUTICALS, INC.,<br><br>      Defendant. | 1:20-cv-11401-PBS |

**REGENERON PHARMACEUTICALS, INC.'S ANSWER TO THE NON-*QUI TAM* INTERVENING STATES' CONSOLIDATED COMPLAINT AND COUNTERCLAIMS**

Defendant Regeneron Pharmaceuticals, Inc. ("Regeneron") hereby responds to the Non-*Qui Tam* Intervening States' Consolidated Complaint ("Complaint"), ECF No. 203, as follows. Regeneron incorporates by reference its Answer to the United States' Complaint in Intervention. ECF No. 179.

**Introduction**

1. Denied. Although Regeneron acknowledges that the Non-*Qui Tam* Intervening States brought this action, Regeneron denies that it violated any law.

2. Denied.

3. Denied. Regeneron is without information sufficient to form a belief as to the truth or falsity of the allegations concerning parties other than Regeneron, and therefore such allegations are denied. To the extent Paragraph 3 contains conclusions of law, no response is required. To the extent a response is required, the allegations are denied. The remaining allegations in Paragraph 3 are denied.

1

95.    Should the Court or jury find that (1) Regeneron should have deducted credit card processing fees when calculating EYLEA's ASP and (2) the deduction of these credit card processing fees would have reduced EYLEA's ASP, then the Unit Rebate Amount that Regeneron paid the State of Wyoming's Medicaid program was too high, thereby conferring a benefit on the State Wyoming.  This means that the State of Wyoming received and retained funds from Regeneron to which the State of Wyoming was not entitled.

96.    The State of Wyoming knew and appreciated this benefit.

97.    Under the circumstances, it would be inequitable for the State of Wyoming to retain the value of the benefit conferred by Regeneron.

98.    Accordingly, Regeneron would be entitled to the recovery of funds by which the State of Wyoming has been unjustly enrichment at the expense of Regeneron in an amount to be determined, which in equity and good conscience and as dictated by the needs of justice and fairness, should be returned to Regeneron.

## Count XVI
### Declaratory Relief, 28 U.S.C. § 2201

99.    Regeneron re-alleges and incorporates by reference the allegations of Paragraphs 1 through 29.

100.    Should the Court or jury find that (1) Regeneron should have deducted credit card processing fees when calculating EYLEA's ASP and (2) the deduction of these credit card processing fees would have reduced EYLEA's ASP, then the Unit Rebate Amount that Regeneron paid the Non-*Qui Tam* Intervening States' Medicaid programs was too high.  This means that the Non-*Qui Tam* Intervening States received funds from Regeneron to which they were not entitled.

101.    If Regeneron paid—and is continuing to pay—the Non-*Qui Tam* Intervening States funds to which they are not entitled, an actual, present, and justiciable controversy is present

51

between the Non-*Qui Tam* Intervening States and Regeneron concerning Regeneron's treatment of credit card processing fees in ASP and AMP calculations. In this conditional counterclaim, Regeneron seeks a declaratory judgment from the Court that Regeneron paid and continues to pay inflated Medicaid rebates based on Regeneron's treatment of credit card processing fees as bona fide service fees in AMP calculations.

WHEREFORE, Regeneron respectfully requests that the Court enter the following relief in its favor and against the Non-*Qui Tam* Intervening States in the event that the Court or jury find that (1) Regeneron should have deducted credit card processing fees when calculating EYLEA's ASP and (2) the deduction of these credit card processing fees would have reduced EYLEA's ASP:

      A. Judgment in favor of Regeneron on this Counterclaim;

      B. Recoupment and/or set off of the excess amount of Medicaid rebates paid by Regeneron;

      C. A declaration that Regeneron paid and continues to pay inflated Medicaid rebates; and

      D. Any other relief that is appropriate.

Regeneron reserves the right to amend its Answer and Counterclaim to raise additional defenses or counterclaims as warranted by subsequent investigation or analysis.

Regeneron acknowledges the request of the Non-*Qui Tam* Intervening States for a jury trial and, pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, also demands a jury trial on all issues so triable.

Dated: July 23, 2025

Respectfully submitted,

REGENERON PHARMACEUTICALS, INC.

By its attorneys,

*/s/ Gregory F. Noonan*
Gregory F. Noonan (BBO No. 651035)
Katherine B. Wellington (BBO No. 688577)
HOGAN LOVELLS US LLP
125 High Street, Suite 2010
Boston, MA 02110
(617) 371-1000
gregory.noonan@hoganlovells.com
katherine.wellington@hoganlovells.com

Gejaa T. Gobena (admitted *pro hac vice*)
Mitchell J. Lazris (admitted *pro hac vice*)
Emily M. Lyons (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
555 Thirteenth St. NW
Washington, D.C. 20004
(202) 637-5600
gejaa.gobena@hoganlovells.com
mitch.lazris@hoganlovells.com
emily.lyons@hoganlovells.com

## CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2025, the foregoing was served by electronic mail on all counsel of record.

*/s/ Gregory F. Noonan*
Gregory F. Noonan

53