# Exhibit 29

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA, *et al.*, *ex rel.* JULIANNE NUNNELLY and MATTHEW SHANKS

Plaintiffs,

v.

REGENERON PHARMACEUTICALS, INC.,

Defendant.

1:20-cv-11401-PBS

Leave to file granted on 06/07/2024

**DEFENDANT REGENERON'S MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS**

processing fees *are* bona fide service fees, citing an internal Regeneron document.  *See id.*  That suffices to refute any suggestion that Regeneron "knew" that credit card processing fees are price concessions (and not bona fide service fees) that needed to be included in ASP, let alone that it had knowledge sufficient for FCA liability.  And while Plaintiffs meekly claim that the document they cite lacks sufficient analysis, *see id.*, they do not (and could not) allege *either* that Regeneron's analysis was a sham *or* that the one cited document contained the entirety of Regeneron's analysis.

The rest of Plaintiffs' attempts to establish scienter fit the same pattern.  While Plaintiffs cite various documents to try to create a cloud of smoke and support an inference of fire, their own allegations—and the very documents they collected in their investigation—pour cold water on their theory.  For instance, Plaintiffs cite (Compl. ¶ 98) a 2018 Deloitte document marked "[d]raft for discussion purposes only" with the word "No" in a column labeled "Type of Service Could be BFSF [i.e., bona fide service fees]?"  Compl. Ex. 42 at 21-23 (capitalization altered).  But Plaintiffs do not allege that this was the final draft, that Deloitte in fact advised Regeneron that credit card processing fees are not bona fide service fees, or that Regeneron actually relied on any such (non-existent) recommendation.  Indeed, Plaintiffs ignore that the very same document states that "Regeneron has concluded that the actual cost of the credit card fees is in-line with common industry terms and Regeneron would otherwise incur these costs.  Therefore, Regeneron has concluded that the credit card fees are excludable from government pricing calculations including the calculation of ASP."  *Id.* at 23-24.  After a nearly three-year federal investigation, including interviews of multiple Deloitte employees, Plaintiffs' failure to cite the statements or testimony they already obtained from Deloitte employees speaks volumes.

Plaintiffs' remaining scienter allegations are no less problematic.  Plaintiffs allege that Regeneron "did not perform any BFSF analyses" before Regeneron employee Alicia Pantaleo

37

of the conspiracy"—which means that this claim too must be dismissed.  *United States ex rel. Leysock v. Forest Lab'ys, Inc.*, 55 F. Supp. 3d 210, 221 (D. Mass. 2014); *see also United States ex rel. Hagerty v. Cyberonics, Inc.*, 95 F. Supp. 3d 240, 270 (D. Mass. 2015) ("[C]onspiracy cannot be between the corporation and its officers and employees.").  That claim, therefore, fails as well.

## VII.   Plaintiffs' Unjust Enrichment Claims Fail As A Matter Of Law.

The United States and the Intervening States allege unjust enrichment claims in addition to their FCA and state FCA claims.  These claims all fail because each Plaintiff has an adequate remedy at law—the FCA and its state analogues—and "a party with an adequate remedy at law cannot claim unjust enrichment."  *Shaulis v. Nordstrom, Inc.*, 865 F.3d 1, 16 (1st Cir. 2017).  Judges in this District "routinely dismiss[] unjust-enrichment claims" when brought as a companion to an FCA suit.  *E.g.*, *United States v. Regeneron Pharms., Inc.*, 2023 WL 6296393, at *14 (D. Mass. Sept. 27, 2023) (doing so, and collecting cases).  This Court should do the same.

### CONCLUSION

For the foregoing reasons, Plaintiffs' claims should be dismissed with prejudice.

Dated:  July 18, 2024

Respectfully submitted,

REGENERON PHARMACEUTICALS, INC.

By its attorneys,

/s/ Katherine B. Wellington

| | |
|---|---|
| Paul D. Clement (admitted *pro hac vice*) | Katherine B. Wellington (BBO No. 688577) |
| Matthew D. Rowen (admitted *pro hac vice*) | Gregory F. Noonan (BBO No. 651035) |
| Kevin Wynosky (admitted *pro hac vice*) | HOGAN LOVELLS US LLP |
| CLEMENT & MURPHY, PPLC | 125 High Street, Suite 2010 |
| 706 Duke Street | Boston, MA 02110 |
| Alexandria, VA 22314 | (617) 371-1000 |
| (202) 742-8900 | katherine.wellington@hoganlovells.com |
| paul.clement@clementmurphy.com | gregory.noonan@hoganlovells.com |
| matthew.rowen@clementmurphy.com | |
| kevin.wynosky@clementmurphy.com | |

Gejaa T. Gobena (admitted *pro hac vice*)
Mitchell J. Lazris (admitted *pro hac vice*)
Emily M. Lyons (admitted *pro hac vice*)
HOGAN LOVELLS US LLP
555 Thirteenth St. NW
Washington, D.C. 20004
(202) 637-5600
gejaa.gobena@hoganlovells.com
mitch.lazris@hoganlovells.com
emily.lyons@hoganlovells.com